## In re PROSSER.

Patent Appeal No. 2669.

Court of Customs and Patent Appeals.
April 15, 1931.

Morrison, Kennedy & Campbell, of Washington, D. C. (Harold Olsen, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant's alleged invention involved in this ex parte appeal from the decision of the Board of Appeals of the Patent Office, which decision affirmed the decision of the examiner, relates to a hosiery drying and shaping machine in which drying forms are internally heated by steam coming through a conduit at the base of the form. The object of the invention is to facilitate "boarding" hose, after they have been knit and washed, so that they will dry while in the proper shape and be properly creased.

It has long been the general practice to "board" hose upon drying forms which were either directly heated by conducting heat into the forms or by heating the forms and stockings in a drying box. The forms were so arranged that their sides were in alignment in the same vertical plane, that is to say, the toe of the form pointed in the direction of the conduit which presented the side of the foot of the stocking to the operator whose duty it was to place said wet stocking on the form, smooth out the creases and wrinkles, and remove the stocking when dry.

The inventive feature claimed for appellant's device is in twisting the form about an axis passing through the form and its base. When applicant's device is used, the operator may easily see the front and back of the stocking and will have more room and less chance of being burned by the adjacent hot form while manipulating the stocking.

The drawing of the application indicates that the toe of the stocking projects outwardly from the drying frame, and the case is argued in this court as if this feature were part of the invention. The specification and claims, however, do not require that appellant's structure have the toe pointing outwardly. In view of our conclusion we regard this as being an immaterial matter.

The rejected claims all are drawn to cover the relative turn or twisting feature of the hose drying structure and claims 1 and 4 are regarded as illustrative and follow:

"1. A hosiery-drying structure including

a coupling-component and a drying and shaping component, one component being turned relative to the other about an axis passing through both components."

"4. A device of the class described including a hosiery-drying instrumentality twisted about its longitudinal axis."

The references relied upon by the Board are: Anthony, 550,470, November 26, 1895; Pease, 568,874, October 6, 1896; Upp, 1,106,260, August 4, 1914; Collis, 1,114,966, October 27, 1914; Reeps, 1,464,539, August 14, 1923. Anthony and Collis were the references relied upon by the Examiner.

We have very carefully considered the pertinency of the references, and no useful purpose could be served by here describing and discussing them. It is sufficient to say that it is our opinion that the combined references disclose everything claimed or disclosed by applicant, including the projection of the toe of the form outwardly. While it may be plausibly argued that no one reference discloses the entire disclosure of applicant, it is not thought that there was any patentable invention in taking certain features out of certain patents and combining them into another device.

We are, therefore, of the opinion that the references cited fully and completely anticipate applicant's claimed invention, and the decision of the Board of Appeals is affirmed.

Affirmed.